UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ARMAND ENRICO BOOKER,         )<br>                                                         )<br>       Petitioner,                           )    Civil Action No. 5: 15-244-DCR<br>                                                         )<br>V.                                                    )<br>                                                         )<br>FRANCISCO QUINTANA, Warden, )    **MEMORANDUM OPINION**<br>                                                         )    **AND ORDER**<br>       Respondent.                        )  | |

*** *** *** ***

Inmate Armand Enrico Booker is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Booker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Booker seeks to challenge his prison disciplinary conviction for escape. [Record No. 1]

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Booker's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

At 7:40 p.m. on May 10, 2014, at the Federal Prison Camp in Manchester, Kentucky, prison staff conducted a head count and found that Booker was not present in his assigned cube.

An extensive search was conducted. Over two hours later, Booker was located near the outside recreation area. An incident report was issued charging Booker with Being in an Unauthorized Area (a Code 316 offense). It was delivered to him at 10:05 a.m. the next day. [Record No. 1-1 at p. 11] Later that day, the incident report was amended to include a more detailed factual description and to elevate the charge to Escape from a Non-Secure Institution (a Code 200 offense). The amended incident report was delivered to Booker that evening. Four days later, because of the severity of the offense, the Unit Disciplinary Committee referred the charge to a Disciplinary Hearing Officer ("DHO") for further proceedings. [Record No. 1-1 at p. 12]

The DHO held a hearing on May 21, 2014. During the hearing, Booker claimed that he went to the softball fields to search for a lost watch, but that he did not leave the compound. The DHO rejected this claim, concluding that one of the officers conducting an extensive search for over two hours would have found Booker if he had stayed within the prison area. The DHO found Booker guilty of escape, and imposed various sanctions including disallowance of 27 days of good conduct time and forfeiture of an additional 27 days of non-vested good conduct time. The DHO report was delivered to Booker on June 4, 2014. [Record No. 1-1 at pp. 13-16]

On June 17, 2014, Booker appealed the disciplinary conviction to the Mid-Atlantic Regional Office, contending that it was procedurally improper to amend the incident report. And while admitting that he was "out of bounds," he argued that he was not guilty of "escape" because he did not leave the prison grounds. [Record No. 1-1 at p. 7-8]

On August 18, 2014, the regional office denied Booker's appeal (Remedy ID No. 784318-R1), concluding that there was sufficient evidence to warrant the conviction and that Booker was given a copy of the amended incident report within 24 hours. [Record No. 1-1 at p. 6] Booker appealed to the Central Office on August 27, 2014. However, Booker appears to

have filed several appeals as multiple Remedy ID numbers were assigned, including 784318 and 784731. [Record No. 1-1 at pp. 5, 9-10] The Central Office repeatedly rejected Booker's appeals as untimely and because he had not included a copy of MARO's decision. [Record No. 1-1 at pp. 1-5]

Booker contends in the present action that: (i) the Central Office acted improperly by rejecting his appeals as untimely; (ii) the reporting officer should not have rewritten the incident report to change the disciplinary charges; and (iii) while he was "out of bounds," he did not commit the offense of "escape" because he never left the prison grounds. Booker requests that the disciplinary conviction be vacated and that his record expunged. [Record No. 1 at pp. 5, 8]

When a prison disciplinary board revokes or orders forfeit a prisoner's good time credits, the Due Process Clause requires prison officials to provide the prisoner with advance notice of the charges and the opportunity to present evidence in his defense, and to issue a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). The board's findings used as a basis to revoke good time credits must also be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013). The Court does not conduct an independent review of the evidence or assess the credibility of witnesses in determining if a decision has adequate evidentiary support. Instead, it reviews the record to see if "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *Higgs v. Bland*, 888 F. 2d 443, 448-49 (6th Cir. 1989).

Booker first contends that the BOP's Central Office acted improperly by rejecting his appeals as untimely. A prisoner must exhaust his administrative remedies within the Bureau of Prisons, including obtaining a final decision from the Central Office, before he may seek habeas

relief under Section 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). However, unlike the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a), the judge-made exhaustion requirement applicable to habeas corpus petitions may be excused where the inability to complete the process is caused by the administrator rather than a lack of diligence by the prisoner. *Fazzini*, 473 F. 3d at 236 (citing *Norton v. Parke*, 892 F. 2d 476, 481 (6th Cir. 1989)). It is not necessary to determine whether Booker has provided sufficient grounds to excuse his failure to completely exhaust his administrative remedies in this case, as the Court is able to decide his claims on the merits.

Booker argues that the reporting officer acted improperly when he amended the incident report to charge him with Escape rather than Being in an Unauthorized Area. But nothing in the BOP's regulations prohibits such an amendment. Indeed, a DHO may find that a prisoner "[c]ommitted the prohibited act(s) charged, *and/or similar prohibited act(s) as described in the incident report.*" 28 C.F.R. § 541.8(a) (emphasis added). Where the inmate's conduct may support more than one disciplinary offense, neither the reporting officer nor the DHO violates any right of the prisoner by merely choosing among them. *Harvey v. Wilson*, No. 6: 10-CV-235-GFVT, 2011 WL 1740141, at *9 (E.D. Ky. 2011) (citing *Yates v. Young*, 772 F.2d 909, 1985 WL 13614 (6th Cir. 1985); see also *Navedo v. Holt*, No. 4: 08-CV-2150, 2009 WL 2007138, at *6 (M.D. Penn. July 6, 2009) ("the DHO was authorized to amend the charged offense from Code 111 to Code 113 since Petitioner's conduct proven by the evidence was more similar to the elements of the latter offense."); *Davis v. O'Brien*, No. 7: 08-CV-200, 2008 WL 631172, at *2 (W.D. Va. March 7, 2008); *Marin v. Bauknecht*, No. 8: 07-0165-JFA-BHH, 2007 WL 3377152, at *3 (D.S.C. Nov. 9, 2007). As long as Booker's disciplinary conviction for the Code 200

offense of Escape itself satisfies constitutional requirements, the mere change in the offense charged states no viable claim for habeas relief.

Finally, Booker contends that he admitted to the reporting officer only that he was "out of bounds" because he missed the head count. He alleges that he never left the prison grounds and, therefore, was not guilty of Escape. Booker does not claim that he was denied prior notice of the charges, the chance to present evidence, or a written decision as required by *Wolff*. Thus, his claim that he simply never left the prison grounds is a challenge to the sufficiency of the evidence under *Hill*. The Sixth Circuit has emphasized that "[s]ome evidence is all that is needed. . . . The relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Williams v. Bass*, 63 F. 3d 483, 486 (6th Cir. 1995) (citations and internal quotation marks omitted).

Here, the DHO relied upon written statements provided by eight different BOP officers to rationally conclude that the officers who searched the prison grounds for a lengthy period would have found Booker much earlier if he had stayed on the grounds as he claimed. [Record No. 1-1 at pp. 14-15] These facts provided ample evidence for the DHO to conclude that Booker had escaped. Cf. *Pierre v. Grondolsky*, No. 08-3669(RMB), 2009 WL 2391288, at *4-5, 9 (D.N.J. July 31, 2009) (disciplinary conviction for escape supported by "some evidence" where inmate missed two head counts, officers failed to locate him during extensive search, and inmate was located ninety minutes later near outer fence); *Bush v. Pearson*, No. 5:09-CV-36-DCB-MTP, 2010 WL 5575241, at *3-4 (S.D. Miss. Feb. 5, 2010) (same); *Emmert v. Martin*, No. 3: 06-CV-433, 2006 WL 3354915, at* 2 (N.D. Ind. Nov. 6, 2006) (noting that "absence is some evidence of escape."); *Flores v. Thomas*, No. 3: 11-CV-355-MA, 2012 WL 70575, at *7 (D. Or. Jan. 5,

2012).  Because Booker's disciplinary conviction for Escape is supported by sufficient evidence, he has presented no grounds for the relief sought.  Accordingly, it is

**ORDERED** as follows:

1. Petitioner Booker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date.

This 28th day of March, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge